# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:10CR369 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | |
| ALFRED TUCKER, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to suppress filed by defendant Alfred Tucker (Tucker) (Filing No. 18). Tucker is charged in the Indictment with the knowing possession of a firearm after having been convicted of three prior felonies in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Tucker seeks to suppress evidence seized by members of the Omaha Police Department (OPD) on August 2, 2010, during a traffic stop in Omaha, Nebraska.

An evidentiary hearing was held on Tucker's motion on December 23, 2010. Tucker was present for the hearing along with his counsel, Michael J. Lehan. The United States was represented by Assistant U.S. Attorney Sandra L. Denton. During the hearing, the court heard the testimony of OPD Officer Jodi Sautter (Officer Sautter). A transcript (TR.) of the hearing was filed on December 30, 2010 (Filing No. 29).

## FINDINGS OF FACT

Officer Sautter, an eight-year veteran of the OPD, was on patrol with OPD Officer Anna Doyle (Officer Doyle) on August 2, 2010 (TR. 3). While in the area of 2800 W Street in Omaha, Nebraska, at 11:30 p.m., an Omaha Housing Authority (OHA) security officer, Dan Hagen (Officer Hagen), flagged down the OPD officers and told Officers Sautter and Doyle that gunshots had just been fired into the South Omaha housing projects from a gold Crown Victoria (Crown Vic) vehicle he had been following (TR. 4, 9, 12). Officer Sautter knows Officer Hagen from working with him on prior occasions (TR. 12). Officer Hagen pointed to the Crown Vic and the OPD officers made a U-turn to follow the Crown Vic (TR. 4). Within ten seconds of the Crown Vic being pointed out to the OPD officers, the Crown

Vic turned onto 27th Street and the OPD officers initiated a traffic stop of the Crown Vic (TR. 4).  There were two occupants of the Crown Vic, a female driver and a front seat passenger, the defendant Tucker (TR. 5).  As the Crown Vic stopped, Tucker immediately got out of the passenger side (TR. 6).  The OPD officers gave verbal commands for the occupants to remain in the Crown Vic as the officers were waiting for back-up units to arrive (TR. 6).  Tucker ignored all of the commands and walked toward the OPD officers (TR. 6).  Tucker was told to get down on the ground, whereupon Tucker walked away from the cars and sat down on the grass approximately fifteen feet from the Crown Vic (TR. 6). The OPD officers gave Tucker loud commands to lay on his stomach and put his hands out (TR. 6).  When Tucker did not immediately comply, the OPD officers warned him to comply or he would be tazed (TR. 6).  Tucker complied, but as Officer Doyle was attempting to place Tucker in handcuffs, Tucker rolled away (TR. 6).  Officer Sautter then tazed Tucker (TR. 6).  Tucker again rolled away from the OPD officers, Officer Sautter tazed Tucker a second time (TR. 6).  Tucker attempted to stand up, reaching for his waistband, at which time Officer Sautter tazed Tucker a third time (TR. 6).  Tucker then complied with the OPD officers' commands, put his hands behind his back, and was taken into custody (TR. 6).

Once Tucker was taken into custody, Officer Sautter decided to search the Crown Vic as: (1) they were going to tow the vehicle, (2) they were going to search it incident to Tucker's arrest, and (3) they were going to search it because of the reported shots fired from the vehicle (TR. 7).  The OPD officers found a handgun and a box of ammunition under the front passenger seat (TR. 7).

Later, when Officer Sautter talked with Officer Hagen, Officer Hagen explained to Officer Sautter he did not see the shots fired from the vehicle but heard the gunshots (TR. 8-9). Officer Hagen further explained a crowd of people standing on the corner pointed out the Crown Vic as the source of the gunshots (TR. 8-9).  Shortly after the report, Officer Hagen met the OPD officers and informed them of the gunshots and identified the Crown Vic (TR. 8).

## LEGAL ANALYSIS

The OPD officers had a reasonable suspicion of criminal activity after they were flagged down by OHA Officer Hagen, an officer with whom they had worked in the past, who informed them the vehicle Officer Hagen was pursuing had just fired gunshots into the housing project. "It is well-established police may stop and briefly question a person if they have a reasonable, articulable suspicion of criminal activity." [United States v. Sawyer, 588 F.3d 548, 553 (8th Cir. 2009)](#) (**citing** [Terry v. Ohio, 392 U.S. 1, 21 (1968)](#)). Regardless of the information later learned by the OPD officers, that Officer Hagen did not actually see the gunshots coming from the Crown Vic, the police action was based on the information the officers had at the time. Based on the information known to them at the time, the officers had a reasonable suspicion of criminal activity justifying the stop of the Crown Vic. **See** [United States v. Juvenile TK, 134 F.3d 899, 903 (8th Cir. 1998)](#).

Once stopped, Tucker was arrested based upon the reports of Officer Hagen. Tucker interfered with the OPD officers by resisting them in their investigation for which he was tazed. The search of the Crown Vic was incident to Tucker's arrest. [Chimel v. California, 395 U.S. 752 (1969)](#). The OPD officers had a reasonable belief that evidence of discharging a firearm would be found in the Crown Vic and the search of the vehicle incident to Tucker's arrest did not violate the strictures of [Arizona v. Gant, 129 S. Ct 1710 (2009)](#).

Further, as long as law enforcement officers have probable cause of an offense, as did the OPD officers in this case, those officers may search an automobile without a warrant pursuant to the automobile exception to the Fourth Amendment. [Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)](#); [United States v. Martinez, 78 F.3d 399 (8th Cir. 1996)](#). Tucker's motion to suppress is without merit.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

Alfred Tucker's motion to suppress ([Filing No. 18](#)) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 27th day of January, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.