# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR369 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ALFRED TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 30) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 18) filed by the Defendant, Alfred Tucker, be denied. Tucker filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing No. 31) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The government filed a response. (Filing No. 33.)

Tucker is charged in a one-count Indictment with being a felon in possession of a firearm. He seeks the suppression of evidence obtained as a result of the August 2, 2010, stop, detention, and search of a vehicle in which he was a passenger.

Following an evidentiary hearing, Judge Thalken issued written Findings and Recommendation. Judge Thalken concluded: a reasonable suspicion of criminal activity justified the stop; Tucker was arrested based on information provided by Officer Hagen; the car was searched incident to Tucker's arrest; and the vehicle search was also justified under the automobile exception to the Fourth Amendment warrant requirement. Judge Thalken therefore recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected.

The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed and accurate account of the events surrounding the incident. The Court has considered the transcript of the hearing conducted by Judge Thalken. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

Rather than objecting to specific facts found by Judge Thalken, Tucker submits his alternative statement of facts based on his legal argument. The Court declines to accept Tucker's version of the facts.

## FACTUAL BACKGROUND

Briefly, on August 2, 2010, an Omaha Housing Authority security officer, Dan Hagen, flagged down Omaha Police Officers Sautter and Doyle and told them gunshots had just been fired into a South Omaha housing project from a gold Crown Victoria ("Crown Vic") that Officer Hagen had been following. Officer Sautter had worked with Officer Hagen on previous occasions. The OPD officers stopped the Crown Vic. Tucker immediately exited the car. Officers told the occupants to stay in the car. Tucker ignored that instruction as well as others. After being tazed three times, Tucker complied with officers' commands and was arrested. Officers searched the car and found a handgun and a box of ammunition under the front passenger seat.

Later, Officer Hagen explained to Officer Sautter that he heard the gunshots but did not see them fired from the Crown Vic. Officer Hagen said that a crown of people pointed out the Crown Vic as the source of the gunshots.

2

## ANALYSIS

Tucker argues that officers lacked a reasonable suspicion of criminal activity to stop the Crown Vic because Officer Hagen did not actually see shots being fired from the car.

Officers may stop and briefly question an individual if officers have a reasonable suspicion of criminal activity. *United States v. Sawyer,* 588 F.3d 548, 553 (8th Cir. 2009). A stop may be based on "the facts known to the officer at the time." *Adams v. Williams,* 407 U.S. 143, 146 (1972). Therefore, in Tucker's case, the stop of the vehicle was supported by reasonable suspicion based on the facts known to the police officers at the time.

## CONCLUSION

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 30) is adopted in its entirety;

2. The Defendant's objections (Filing No. 31) to the Findings and Recommendation (Filing No. 30) are overruled;

3. The Defendant's motion to suppress (Filing No. 18) is denied; and

4. The government's response (Filing No. 33) may be terminated as a motion appearing on the Court's motion list.

DATED this 25th day of February, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge