# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR369 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ALFRED TUCKER, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Alfred Tucker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 139). The Defendant also filed a Memorandum of Law in support of his motion (Filing No. 140). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant was found guilty at trial of a one-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).

At the Initial Appearance and Arraignment held on November 2, 2010, the defendant requested appointment of counsel and Jeffrey L. Thomas with the Federal Public Defender's Office was appointed. On November 30, 2010, a hearing was held before Magistrate Judge Thalken on Defense Counsel's Motion to Withdraw (Filing No. 20). The

motion was granted and on December 2, 2010, Micheal J. Lehan was appointed by the court to represent the Defendant.

A hearing on the Defendant's Motion to Suppress (Filing No. 18) was held on December 23, 2010. The Magistrate Judge's Findings and Recommendation on the Motion to Suppress (Filing No. 30) was filed on January 27, 2010, and defense counsel filed an objection (Filing No. 31) to the Magistrate Judge's Findings and Recommendation on February 7, 2011. On February 11, 2011, the Defendant filed a Motion for New Counsel (Filing No. 34). A hearing was held before the Magistrate Judge on February 17, 2011, and the motion was denied. An order was entered by the undersigned on February 25, 2011 (Filing No. 38), adopting the Magistrate Judge's Findings and Recommendation in their entirety. A jury trial in this matter was scheduled for March 22, 2011.

The trial began on March 22, 2011, and the Defendant's oral motion for new counsel made on the first day of trial was denied. The matter was submitted to the jury on March 24, 2011. A guilty verdict was received on March 24, 2011, and the sentencing hearing was scheduled for June 20, 2011.

A Revised Presentence Investigation Report ("PSR") was sent to the parties and the Court on May 18, 2011. It included a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because the Defendant committed the instant offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense. Two points were added for Obstruction of Justice and with the Chapter Four Enhancements the Total Offense Level was calculated at 33. The PSR listed the Defendant's Criminal History Category as VI. Defense counsel filed objections to the Presentence Investigation Report and those objections were overruled at the sentencing

hearing. The Defendant was sentenced on June 20, 2011, to 188 months imprisonment, which was below the guideline range, and to 5 years supervised release.

On July 1, 2011, Mr. Lehan filed a Notice of Appeal (Filing No. 75) on behalf of the Defendant and was granted leave to withdraw by the Eighth Circuit on July 12, 2011. Terrance Waite was appointed by the Eighth Circuit to represent the Defendant on the appeal. The District Court's judgment was affirmed on August 23, 2012. On January 14, 2013, the Appellant's petition for rehearing en banc was granted, limited to the issue of the application of the Armed Career Criminal Act ("ACCA"). On January 29, 2014, the Eighth Circuit reversed and remand the matter to the District Court for resentencing in accordance with its opinion regarding the application of ACCA.

On February 10, 2014, Michael J. Tasset was appointed to represent the Defendant at resentencing. The 2nd Revised Presentence Investigation Report ("2nd PSR") was sent to the parties and the Court on March 22, 2014. The Defendant's Base Offense Level remained at 24. With the two points for Obstruction of Justice, the Total Offense Level was 26. The Defendant's Criminal History of Category VI remained unchanged. The Defendant's sentencing range under the guidelines would have been 120-150 months, but for the statutory maximum term of 120 months. The Defendant did not object to the 2nd PSR. The Defendant was present at the resentencing hearing, held on June 9, 2014. The Court denied the Defendant's Motion for Variance (Filing No. 119) and sentenced the Defendant to 120 months imprisonment and 3 years supervised release.

The Defendant filed an appeal on June 17, 2014, and Mr. Tasset was appointed by the Eighth Circuit to represent the Defendant in the appeal. The Circuit Court affirmed this Court's Judgment on February 19, 2015. On April 14, 2015, the Defendant's timely § 2255

motion was filed. In his motion, the Defendant argued three grounds for relief: (Ground One) Defendant was denied his right to effective assistance of counsel; (Ground Two) Defendant was illegally detained, and the vehicle in which he was a passenger illegally searched; and (Ground Three) Defendant was denied his rights under Sixth Amendment of the U.S. Constitution, because there was insufficient evidence from which a jury could conclude beyond a reasonable doubt that he was guilty of the crime charged.

## DISCUSSION

### *I.   Ground One - Defendant was denied his right to effective assistance of counsel*

To establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

The Defendant contends that, during the suppression hearing, Mr. Lehan failed to contest an affidavit that was supplemented by Officer Saulter Arguedo regarding the stop that led to Defendant's arrest. The Defendant also states that defense counsel failed to move for dismissal on the ground of insufficient evidence, failed to investigate the facts of the case, and failed to challenge the indictment.

The Court has reviewed the arguments in the Defendant's Memorandum of Law, and the record of the proceedings in this case. The undersigned was also the presiding

4

judge at the jury trial in this matter. The facts in this case were simple. Shots were fired at an Omaha housing project, and police were called. Witnesses pointed to the vehicle in which the Defendant was riding, identifying it as the vehicle from which the shots were fired. Police stopped the vehicle, and their search revealed a firearm under the seat occupied by the Defendant, who was a convicted felon.

The Court concludes that the Defendant has not satisfied either prong of the *Strickland* test, and his claim that he was denied his right to effective assistance of counsel is denied.

## II.    Ground Two - Defendant was illegally detained, and the vehicle in which he was a passenger illegally searched

The Defendant argues that the seizure of the vehicle in which he was riding, and his own arrest, were conducted without a warrant, without reasonable articulable suspicion of any criminal activity, and without probable cause as to any violation of law. These matters were addressed at the Defendant's hearing on his Motion to Suppress. The hearing was held before a Magistrate Judge who noted in his Findings and Recommendation: Omaha Police Department officers had a reasonable suspicion of criminal activity after they were flagged down by Omaha Housing Authority Officer Hagen, who informed them the vehicle Officer Hagen was pursuing had just fired gunshots into a housing project. Based on the information known to them at the time, the officers had a reasonable suspicion of criminal activity, justifying the stop of the vehicle in which the Defendant was a passenger. The Defendant was arrested because he interfered with the officers in their investigation. The search of the vehicle was incident to the Defendant's

arrest. The officers had a reasonable belief that evidence related to the discharging of a firearm would be found in the vehicle.

The Magistrate Judge concluded that the law enforcement officers had probable cause to conclude that a felony offense had been committed, and their search of the automobile without a warrant was not in violation of the Fourth Amendment.

The Court adopted the Magistrate Judge's Findings and Recommendation in its entirety. Because the Court previously reviewed and ruled on this matter, and the Defendant has not offered any new evidence or arguments not previously addressed, the Defendant's claim that he was illegally detained and that the vehicle in which he was a passenger was illegally searched will be denied.

### III. Ground Three - Defendant was denied his Sixth Amendment Rights under the U.S. Constitution.

The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel fo his defense.

At the Defendant's trial, the government presented evidence and witnesses, including live testimony from the officers who were present at the time of the Defendant's arrest. The Defendant was given opportunity to cross-examine the witnesses and to present evidence on the Defendant's behalf. The jury deliberated for approximately 3 hours and unanimously found the Defendant guilty beyond reasonable doubt. The

Defendant was not denied any right secured by the Sixth Amendment to the United States Constitution, and this claim in the Defendant's petition will be denied.

## CONCLUSION

Because the Defendant's § 2255 claims are without merit, his § 2255 motion is denied. Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 139);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. The Defendant's request for an Evidentiary Hearing is denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 14th day of May, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge